PER CURIAM:
Claimants, John Randolph Cheetham and John T. Cheetham, seek an award from the Division of Highways for property damage sustained when their vehicle struck a metal expansion joint on April 2, 1992, on Interstate 64 near Huntington, Cabell County.
From the evidence adduced at the hearing on May 5, 1993, it appears that John Randolph Cheetham was driving a 1982 Honda Accord which was titled in his name and his father’s name, John T. Cheetham. He was proceeding east on 1-64 behind a tractor trailer when he saw a metal beam standing straight up in the highway approximately three to four feet tall. He stated that he only had about two seconds to react when his vehicle struck the beam and it came up through the floor of the vehicle about six inches behind his foot and ripped the car like a can opener all the way back to the rear tires. The vehicle was a total loss.
Mr. John R. Cheetham was uncertain of the exact time of the accident. He stated that it could have occurred any time between 12:30 to 1:00 p.m. The time of the accident is important in this claim because it is one of several claims that has been heard by this Court concerning the same expansion joint. The claimants have the burden of establishing that the respondent had notice of the hazardous condition. The accident report stated that the accident occurred at approximately 2:00 p.m.; however, Mr. Cheetham feels that it was closer to 1:00 p.m. There is evidence in the Claim of Wanda Nunley Radcliffe vs. Div. of Highways, CC-92-134, that Ms. Nunley reported the defective expansion joint to the respondent before 1:00 p.m. Also, the respondent in the present claim stipulated that it had notice of the hazardous condition due to the uncertainty of the time for claimant John R. Cheetham’s accident.
This Court finds that the respondent had notice of the defective expansion joint. As this Court heard and decided another claim involving the same hazardous condition and granted an award where it was found that the respondent had notice of the defective condition and failed to warn the traveling public of the hazard, the Court is of the opinion that the claimants herein should be granted an award. See Kerry P. Dillard and Susan R. Dillard vs. Division of Highways, CC-92-239.
Therefore, the Court makes an award to the claimants for the towing bill of $37.50, the estimate charge of $19.08, the value of the vehicle of $1,900.00, and the value of the vehicle of $1,900.00, and the value of the lost vacation day of $63.00, for a total award of $2,019.58.
Award of $2,019.58.